**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER SINGH, | No. 12-74149 |
| Petitioner, | Agency No. A089-302-602 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Surinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the agency's denial of humanitarian asylum. *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the agency's determination that, even if Singh established past persecution by Punjab police, his presumption of a well-founded fear of future persecution was rebutted by evidence that he could safely and reasonably relocate elsewhere in India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *see also Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999-1000 (9th Cir. 2003) (noting that BIA has expertise to construe country reports). Contrary to Singh's contentions, the agency provided an individualized analysis of Singh's claim and the country conditions evidence in the record in determining that he could safely and reasonably relocate. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003) (presumption of a well-founded fear can be rebutted by showing that under all the circumstances the applicant could reasonably be expected to relocate). Furthermore, the agency did not abuse its discretion in determining that the past persecution Singh suffered was not severe enough to qualify for a grant of

humanitarian asylum. *See Belayneh*, 213 F.3d at 491. Accordingly, Singh's asylum claim fails.

Because Singh has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to establish that it is more likely than not he will be tortured by or with the consent or acquiescence of a government official if he returns to India. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122-23 (9th Cir. 2004).

Finally, we reject Singh's contention that the agency failed to adequately consider his evidence. *See Larita-Martinez v. INS,* 220 F.3d 1092, 1096 (9th Cir. 2000) (petitioner must overcome the presumption that the agency considered all the evidence).

**PETITION FOR REVIEW DENIED.**